United States District Court For The Northern District Of Illinois

JH

FERNANDO FONTANEZ
PLAINTIFF

v.

FEDERAL BUREAU OF INVESTIGATION
FBI AGENT JAMES CHATTO
LEGAL COUNSEL MICHAEL PAVIA

RECEIVED
NOV 20 2007
NOV. 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07CV6575
JUDGE DARRAH
MAGISTRATE JUDGE COX

FILED
NOVEMBER 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

### Jurisdiction and Venue

1. The Jurisdiction of the Court over Counts one and two is invoked pursuant to 28 USC 1331 and 1343(a)(3) and (4), as they arise under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 USC 1983.

2. Venue is appropriate in the Northern district of Illinois pursuant to 28 USC 1391(B), as all of the events complained about occurred in Cook County, located in this district.

### The Parties

3. Plaintiff Fernando Fontanez is a Citizen of the United States living in Chicago, Illinois at the times relevant to this complaint.

4. Defendant James Chatto is an FBI Agent who was, at all times relevant to this complaint, employed by the Federal Bureau of Investigation at Chicago, Illinois.

### Count 1

5. On July 5th 2005, Plaintiff was arrested by FBI Agent James Chatto for allegedly calling a bomb threat to the Sears Tower and charged with disorderly conduct.

United States District Court
Northern District of Illinois

6. At the time of arrest, FBI Agent James Chatto, told Plaintiff that he heard a recording of such call to the Sears Tower.

7. Plaintiff never called in a bomb threat to the Sears Tower on July 1, 2005 or at any other time.

8. There is no tape of Plaintiff threatening to blow up the Sears Tower.

9. Defendant knew there was no recording of Plaintiff calling in a threat to the Sears Tower and further knew that Plaintiff had not called a bomb threat to the Sears Tower on July 1, 2005.

10. Despite this knowledge and without probable cause, Defendant arrested Plaintiff.

11. Defendant knew that "The Sears Tower" records all incoming and outgoing calls and that Plaintiff never phoned a bomb threat.

12. Plaintiffs case was heard in the Circuit Court of Cook County and the charges against him were dismissed.

13. Under advisement of legal counsel Michael Pavia a claim was filed using U.S. Form 95 citing Title 28 USC Section 2671-2680 Federal Tort Claims Act and unjustifiably after six months denied.

14. Denial letter enclosed citing Civil Litigation Unit information citing legal remedies available to Plaintiff if dissatisfied with decision including civil action in United States District Court.

Wherefore, Plaintiff requests that the Court enter judgement in favor of Plaintiff and against Defendant for compensatory and punitive damages, in an amount to be determined by a jury upon trial of this case, and award

United States District Court

Northern District of Illinois

Plaintiffs Attorney's Fees and Costs Because of Defendants Actions Causing Plaintiff to Suffer The Humiliation of Being Arrested and Charged with a Crime he Did Not Commit.



Fernando Fontanez P.O. Box 578944 Chicago, Illinois 60657



**U.S. Department of Justice**

Federal Bureau of Investigation

Office of the General Counsel     Washington, D.C. 20535

November 14, 2007

<u>REGISTERED MAIL - RETURN
RECEIPT REQUESTED</u>

Fernando Fontanez
P.O. Box 578941
Chicago, Illinois 60657

    RE: ADMINISTRATIVE CLAIM OF FERNANDO FONTANEZ

Dear Mr. Fontanez:

    This office received your administrative claim, dated May 15, 2007, against the Federal Bureau of Investigation (FBI).

    The claim you presented seeks damages under the Federal Tort Claims Act (FTCA), Title 28, United States Code, Sections 2671-2680. A claimant, to recover damages under the FTCA, must show a negligent or a wrongful act or omission on the part of a federal employee acting within the scope of his or her employment. This office has reviewed the claim. There is insufficient evidence of negligent or wrongful acts attributable to any employee; therefore, the claim must be, and hereby is, denied.

    Please be advised that the law (Title 28, Code of Federal Regulations, Section 14.9(a)) requires me to inform you that if you are dissatisfied with this decision, you may file

suit against the United States in an appropriate United States District Court not later than six months from the date of this notification of denial.

Sincerely yours,

Marta Ivashkiv
Civil Litigation Unit

# TITLE 18 US CODE CHAPTERS Civil Rights
## SECTION 242

Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within the their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim.

The offense is punishable by a range of imprisonment up to a life term, or the death penalty, depending upon the circumstances of the crime, and the resulting injury, if any.

**TITLE 18, U.S.C., SECTION 242**

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts Include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnaping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.